UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD PRESTON BLACKWELL, | Case No. 23-CV-72 (PJS/LIB) |
| Plaintiff, | |
| | **ORDER** |
| SAINT PAUL POLICE DEPARTMENT, | |
| Defendant. | |

This matter comes before the Court for screening of plaintiff Richard Preston Blackwell's complaint [ECF No. 1] and *in forma pauperis* (IFP) application [ECF No. 2] pursuant to 28 U.S.C. § 1915(e)(2). For the reasons explained below, this Court finds that although Blackwell financially qualifies for IFP status, his complaint fails to state a claim upon which relief can be granted. Accordingly, Blackwell's complaint is dismissed and his IFP application is denied as moot.

BACKGROUND

Blackwell claims that on or about February 9, 2017, he drove to Phalen Lake in St. Paul, Minnesota after someone attacked him in his sleep. When Blackwell arrived at Lake Phalen, he tried to find a place to sleep that would discourage and impede any future attacks. Despite these efforts, however, Blackwell was again attacked as he tried to sleep, so he moved to a different parking lot near Lake Phalen. According to Blackwell, he was

seated in the rear of his vehicle when a St. Paul Police Department ("SPPD") squad car entered the parking lot and parked in a manner that blocked his vehicle. Blackwell contends that officers approached his vehicle and advised him that they were conducting a traffic stop, falsely asserting that they had the authority to detain him. Although Blackwell tried to record the interaction, he was not able to record a portion of the exchange during which the police threatened to arrest him for criminal sexual conduct because his vehicle matched the description of a suspect vehicle. Blackwell claims that the people stalking him tampered with his recording of this incident.

After police verified that Blackwell had an active arrest warrant for a charge unrelated to sexual assault, Blackwell was placed in the squad car and police retrieved his jacket, sweater, winter hat, and gloves from inside his vehicle even though he told them not to take anything from his vehicle. The police also ordered that his vehicle be towed even though Blackwell did not request the tow and his vehicle was lawfully parked. Blackwell claims that police ordered his vehicle to be towed "due to [his] racial background." ECF No. 1 at 4.

Blackwell claims that after he was released from custody, he tried to retrieve his seized property, but his property was not being held at either the police department or the jail. When Blackwell tried to obtain his vehicle from the impound lot, he was told that the investigating officer needed to clear its release even though Blackwell had

already been cleared as a suspect in the sexual-assault case. Blackwell further claims that he was also required to pay impound fees in violation of Minn. Stat. § 168B.035 subd. 6.

According to Blackwell, he reviewed police reports associated with this incident in 2022 and learned that the police had included details that were omitted from the original reports, including the assertion that the vehicle was towed and impounded as a part of the criminal-sexual-conduct investigation. Blackwell claims that these reports were amended to "undermine a claim for punitive damages," because the alleged victim of the sexual assault did not make any reference to the suspect fleeing in a motor vehicle so there would have been no basis for the police to seize and impound his vehicle. *Id.* at 5. In his complaint, Blackwell seeks amendment of the police reports to remove any reference to him as a potential sexual-assault suspect, money damages, and reimbursement for his jacket, sweater, hat, and gloves.

## ANALYSIS

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint (or portion thereof) states a claim for which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Varga v. U.S. Nat'l Bank Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). The factual allegations need not be detailed, but

they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. Pro se complaints are to be construed liberally, but they must still allege enough facts to make their claims plausible. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (collecting cases).

Blackwell has filed two complaints in this District. *See Blackwell v. Polzin, et al.*, 23-CV-71 (DSD/TNL) (D. Minn. Jan. 9, 2023). In this case, as in his other case, Blackwell does not specifically assert a federal cause of action, alleging instead that the defendant violated his rights under the Fourth and Fourteenth Amendments. Recognizing that pro se complaints are to be liberally construed, this Court views these claims as alleging violations of Blackwell's civil rights under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a *person* acting under color of state law." *Andrews v. City of West Branch*, 454 F.3d 914, 918 (8th Cir. 2006) (emphasis added). A police department, however, is not considered a "person" for the purposes of § 1983 litigation. *See De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit")); *see also Ketchum v. City of West Memphis*, 974 F.2d 81, 83–84 (8th Cir. 1992) (affirming dismissal of § 1983 claims against West Memphis Police Department and West Memphis Paramedic

Services). Accordingly, because the St. Paul Police Department is not an entity amenable to suit under § 1983, Blackwell's claims against the St. Paul Police Department fail as a matter of law.

Even if Blackwell named an appropriate defendant in this action, allegations that the St. Paul Police Department lost his personal property do not establish a cause of action under § 1983. In *Hudson v. Palmer*, 468 U.S. 517 (1983), the Supreme Court explained that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.* at 533. In this case, to the extent that Blackwell is requesting that the property be returned to him, Minnesota provides an adequate remedy in the law of replevin. *Jones v. Roy*, 449 F. App'x 526, 527 (8th Cir. 2011) (per curiam) (citing *Storms v. Schneider*, 802 N.W.2d 824, 827 (Minn. Ct. App. 2011)). And to the extent that Blackwell is requesting money damages for the loss of his property, Minnesota has an adequate remedy in the state-law tort of conversion. *See Ali v. Ramsdell*, 423 F.3d 810, 814 (8th Cir. 2005). Moreover, insofar as Blackwell claims that the St. Paul Police Department seized his property in violation of the Fourth Amendment, Blackwell has failed to plausibly allege that the search and seizure were unlawful. *See United States v. Baldenegro-Valdez*, 703 F.3d 1117, 1125 (8th Cir. 2013) ("In general, when taking custody of property such as a suspect's vehicle, law enforcement officers may conduct a warrantless search and

inventory of the contents of the vehicle in order to protect the owner's property, to protect the police against claims of lost or stolen property, and to protect the police from potential danger.").

Having established that Blackwell failed to plead a cognizable § 1983 claim, the Court finds no other discernable federal cause of action in the complaint. Thus, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that plaintiff Richard Preston Blackwell's complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** and that Blackwell's IFP Application [ECF No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 23, 2023

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court

---

[1] Blackwell also claims that the defendant violated state law when it required him to pay impound fees before releasing his vehicle. Having dismissed Blackwell's federal case, the Court declines to exercise supplemental jurisdiction over this state-law claim. *See* 28 U.S.C. § 1367.